UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE NO. 1:07-CV-00174

ERIC ENGLAND                                                                    PLAINTIFF

v.

ADVANCE STORES COMPANY, INCORPORATED,
d/b/a Advance Auto Parts                                                        DEFENDANT

## MOTION TO COMPEL DEFENDANT TO RESPOND
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiff, Eric England, by and through counsel, and for his Motion to Compel Defendant to Respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents, states as follows:

### FACTUAL BACKGROUND

1.      On September 21, 2007, Eric England initiated this case against the Defendant by filing a Complaint in the Commonwealth of Kentucky's Warren Circuit Court.  In addition, Eric England certified discovery Request for Admissions, Interrogatories and Request for Production of Documents to the Defendant in September of 2007.

2.      The Defendant removed this case from the Warren Circuit Court on October 16, 2007 (Docket # 1).

3.      On November 5, 2007, the Defendant objected to responding to the discovery certified in September of 2007.  The Defendant objected on the basis that the parties had not yet conducted a discovery planning conference under FED. R. CIV. P. 26(f).  A copy of correspondence demonstrating the Defendant's first objection is attached hereto as "Exhibit A".

4.      The parties conducted the first of several discovery planning conferences on December 20, 2007.  Within its discovery requests, the Plaintiff sought information concerning the Defendant's hourly wage employees in Kentucky.  During the planning conferences, the Plaintiff voluntarily agreed to limit the geographic scope of the initial discovery to stores operated by the Defendant within the same division as the store at which the Plaintiff worked.  Despite the fact that the Complaint puts at issue all of the stores operated by the Defendant in Kentucky, the Plaintiff agreed to initially limit the geographic scope of discovery to stores located within the same division as the store at which the Plaintiff worked.  The Plaintiff entered into such agreement in order to make a reasonable compromise and in an effort to avoid protracted discovery disputes herein.  Upon information and belief, there are thirteen (13) stores in eleven (11) counties for the pertinent division of stores, including the store at which the Plaintiff worked for the Defendant.  The Plaintiff reserves the right to request discovery regarding all of the Defendant's stores in the future.  The parties further agreed during the telephonic planning conferences that the discovery requests would be treated as served on December 20, 2007.

5.      On January 18, 2008, the Defendant requested an extension of time up to and including February 5, 2008 to answer the discovery.  Plaintiff voluntarily agreed to grant the requested extension of time.  A copy of correspondence demonstrating the agreement to extend the time to respond to the discovery is attached hereto as "Exhibit B".

6.      On February 5, 2008, the Defendant transmitted its objections and responses to the Plaintiff's discovery requests.  A copy of the Defendant's objections and responses to the discovery is attached hereto as "Exhibit C".  The Defendant objected to every discovery request. In response to the Plaintiff's Request for Production of Documents, the Defendant failed to

produce or identify a single document. Instead, the Defendant asserted for the first time that a protective order was necessary to protect alleged trade secrets in connection with this proceeding based on Kentucky's Wages and Hours Act.

7.    On February 12, 2008, the Plaintiff submitted correspondence to the Defendant that noted the deficient nature of the objections to the discovery. A copy of the correspondence is attached hereto as "Exhibit D".

8.    The Defendant responded on February 13, 2008 with correspondence in which it stated that its responses to the discovery requests would be supplemented. A copy of that correspondence is attached hereto as "Exhibit E". Within the correspondence, the Defendant additionally continues its allegation that a protective order is necessary to avoid disclosure of asserted trade secrets allegedly connected to this wage and hour law case.

9.    On February 20, 2008, the Plaintiff sent correspondence to the Defendant expressing that it does not appear that the documents connected to this wage and hour law dispute would necessitate a protective order. A copy of the correspondence is attached hereto as "Exhibit F".

10.    A copy of correspondence from the Defendant transmitted on February 25, 2008 is attached hereto as "Exhibit G". Within the correspondence, the Defendant asserted that it intended to mark categories of documents as confidential and would not produce the materials until entry of a protective order.

11.    The Defendant sent "supplemental" objections and responses to the Plaintiff on February 25, 2008. A copy of the supplemental objections and responses is attached hereto as "Exhibit H". Within the supplemental objections and responses, the Defendant asserts that it will not provide information and documents associated with all of its hourly wage employees that

3

worked at stores in the same division as the store at which the Plaintiff worked. The Defendant asserts that it will only provide information and documents regarding hourly wage employees that were labeled as "assistant managers" by the Defendant.

12.     On February 27, 2008, the Plaintiff sent email correspondence to the Defendant requesting clarification on the Defendant's allegation that the scope of this case only involves employees labeled as assistant managers. A copy of the email is attached hereto as "Exhibit I".

13.     The Defendant responded by way of email on March 3, 2008. Within the email, the Defendant confirms its belief that for the purposes of discovery the scope of this case only concerns individuals working as assistant managers for the Defendant. A copy of the email is attached hereto as "Exhibit J".

14.     The Plaintiff again sent correspondence to the Defendant on March 27, 2008 regarding the discovery dispute herein. A copy of that correspondence is attached hereto as "Exhibit K". Within the correspondence, the Plaintiff requests that the Defendant consider the proper scope of discovery to include documents and information related to individuals that, similar to the Plaintiff, were employed on an hourly wage basis. The Plaintiff further notes the voluntary agreement to initially limit the geographic scope of discovery to the stores in the same division as the store at which the Plaintiff worked.

15.     The Defendant sent correspondence dated April 1, 2008 that restated its allegation that the scope of discovery in this case is limited. A copy of that correspondence is attached hereto as "Exhibit L". Within the correspondence, the Defendant vehemently asserts that documents relevant to this wage and hour law case would not be produced in the absence of a protective order.

16.    On April 4, 2008, the Defendant took the Plaintiff's deposition.   During the deposition, Plaintiff questioned Defendant about the materials that the Plaintiff had previously failed and refused to produce.

17.    The Plaintiff sent a proposed protective order to the Defendant by way of email dated July 2, 2008.  A copy of the email is attached hereto as "Exhibit M", and a copy of the protective order proposed by the Plaintiff is attached hereto as "Exhibit N" for the Court's consideration.  The order proposed by the Plaintiff would protect an individual's social security number, date of birth, family matters, disciplinary records, and medical records.

18.    The Defendant rejected the Plaintiff's proposed protective order in an email sent on July 3, 2008.  The Defendant argues that the Plaintiff's proposed protective order is not broad enough.  The Defendant's argument is based on asserted trade secrets allegedly associated with this wage and hour law dispute.  The Defendant's email from July 3, 2008 is attached hereto as "Exhibit O".

19.     The Plaintiff's reply email, a copy of which is attached hereto as "Exhibit P" for the Court's consideration, noted that the Plaintiff does not agree to make confidential that which is not.

20.    The Defendant sent email correspondence to the Plaintiff on August 1, 2008 in which it continued its assertion that it had adequately responded to the discovery.  The Defendant also requested further explanation of the rationale for the Plaintiff's reluctance to enter into the Defendant's proposed protective order.  A copy of that email is attached hereto as "Exhibit Q".

21.    On August 5, 2008, the Plaintiff responded by way of an email.  Within the email, the Plaintiff explained that a broad protective order is not necessary in circumstances in which the discovery did not request proprietary business information.  The Plaintiff noted within the

email that the discovery did not ask for store level sales, customer information, supplier information or business strategies.  A copy of that email is attached hereto as "Exhibit R".

22.    The Defendant responded with an email on August 6, 2008, a copy of which is attached hereto as "Exhibit S".  In that email, the Defendant restated that it did not understand why the Plaintiff does not want to enter into the Defendant's proposed protective order.

23.    The Plaintiff further explained its rationale in an email to the Defendant dated August 8, 2008.  A copy of the email is attached hereto as "Exhibit T".  The Plaintiff explained within the email that it does not want the burden of a protective order for documents such as employee handbooks.  The Defendant's employee handbooks have already been widely disseminated by the Defendant to the general public.  As noted by the Plaintiff, entering into a protective order in such circumstances could generate future litigation over the use of a document that was never confidential.  The Plaintiff additionally explained that if it received a subpoena from a third party for documents that are not confidential, entering into a protective order would unnecessarily require the Plaintiff to choose between complying with a protective order or the subpoena.

24.    The Defendant's response email, a copy of which is attached hereto as "Exhibit U", stated that the Defendant was of the belief that it could work around the Plaintiff's concerns regarding entering into the proposed protective order.

25.    The Plaintiff sent an email to the Defendant on August 26, 2008 in which it requested the Defendant's thoughts on how to work around the Plaintiff's concerns with entering into the proposed protective order.  A copy of that email is attached as "Exhibit V".  The email additionally inquired as to whether the Defendant was willing to concede any of the numerous objections it asserted in responding to the discovery.

26.    The Defendant responded with correspondence dated August 29, 2008, a copy of which is attached as "Exhibit W".  The Defendant states that it is not willing to concede any of its numerous objections asserted in response to the discovery.  The Defendant additionally restates its argument for a broad protective order in this wage and hour law case.

27.    The last communication regarding the discovery dispute was sent by the Plaintiff to the Defendant on September 3, 2008.  A copy of that correspondence is attached as "Exhibit X".  The Plaintiff notes in the correspondence that the Defendant asserted more than seventy (70) objections in response to the discovery along with fourteen (14) paragraphs of general objections.  The inquiry as to whether the Defendant was willing to concede any objections was submitted in hopes of arriving at a mutual agreement to narrow the issues.  The Plaintiff further conveys to the Defendant the specific Interrogatories and Request for Production of Documents at issue.

28.    To date, the Defendant has not responded to the Plaintiff's September 3, 2008 correspondence.  The Defendant has failed and refused to further respond to the Plaintiff's initial discovery requests.  Similarly the Defendant has not submitted a motion to the Court requesting a protective order.

DISCUSSION

I.  **Request for Admissions, Interrogatories and Request for Production of Documents that are reasonably calculated to lead to the discovery of admissible evidence are not objectionable.**

Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  In construing the Rule, the United States Court of Appeals for the Sixth Circuit has explained that "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad."  *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  *See also Hurt v. Cooper*, 175 F.Supp. 712 (W.D. Ky. 1959) (articulating that the proper subject of discovery is any matter relevant to the subject matter involved in the litigation). As such, the Defendant is required to undertake a good faith effort in responding to discovery related to issues in this case.

II.  **The Objections and Responses asserted by the Defendant are deficient.**

A cursory review of the numerous objections asserted by the Defendant, attached hereto as "Exhibit C", demonstrates the deficient nature of the Defendant's response to the discovery. For example, Request for Production Number 1 asks the Defendant to produce copies of documents that it relied on in preparing answers to interrogatories.  That request for production is a standard discovery inquiry commonly used by a party in litigation to learn more about a case. The Defendant failed to provide any documents in response to Request for Production Number 1.

Instead, the Defendant submitted multiple objections to the request.  Initially, the Defendant objects in alleging that a request for documents that the Defendant consulted during the preparation of answers to interrogatories is "overbroad, unduly burdensome, and vague".

8

Requesting the documents that the Defendant consulted in preparing answers to discovery in this case does not impose an undue burden on the Defendant.

Next, the Defendant objects to Request for Production Number 1 in claiming the "attorney client privilege or the work product doctrine". The Defendant fails to provide a privilege log identifying the documents it refuses to produce in connection with that objection. As stated by the Sixth Circuit Court of Appeals, "[o]nce a party requesting discovery establishes relevance, the objecting party has the burden of showing that the material was 'prepared in anticipation of litigation or for trial.'" *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006). The request for copies of documents consulted by the Defendant in preparing its answers to interrogatories in this case unmistakably concerns relevant documents. At a minimum, the Defendant should submit a privilege log in connection with its assertion of "attorney client privilege or work product doctrine".

The Defendant further objects to Request for Production Number 1 in claiming that it will not provide any documents that it deems confidential regarding this wage and hour law dispute until the entry of a protective order. To date, the Defendant has failed to file a motion for a protective order concerning documents that it deems confidential in association with this wage and hour law case. If the Defendant genuinely believed that such documents should be treated as confidential trade secrets, it should have submitted a motion for a protective order prior to the date on which its responses to the discovery was due. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007).

The *Hill v. Eddie Bauer* case was a wage and hour class action proceeding. The case involved a discovery dispute remarkably similar to the discovery dispute in the instant case. In resolving the discovery dispute, the United States District Court for the Central District of

California held that documents pertaining to a defendant's employment policies do not constitute confidential proprietary information protected from discovery. *Hill v. Eddie Bauer*, 242 F.R.D. at 561-62. The United States District Court for the Central District of California additionally explained that "[m]oreover, if defendant truly believes it has 'confidential proprietary information' that should be protected by a protective order, it should have entered into a stipulated protective order with plaintiff or filed a motion for a protective order *before* the date by which it was to respond to plaintiff's [discovery] requests." *Hill v. Eddie Bauer*, 242 F.R.D. at 562. (emphasis supplied).

The Defendant in this case had ample opportunity to raise the issue of a protective order prior to the extended date on which its discovery responses were due. The parties conducted several telephonic discovery planning conferences prior to the date on which the Defendant transmitted its responses and objections to the discovery. The Defendant never raised the issue of a protective order during the planning conferences. Instead, the Defendant raised the issue for the first time within its objections to the discovery. The deficient nature of the Defendant's objections to the discovery is not excused by the lack of a protective order herein.

Similar to its objections to Request for Production Number 1, the Defendant fails to sufficiently answer Request for Production Number 5. Within Request for Production Number 5, the Defendant is requested to produce copies of documents identified in its answers to interrogatories. Once again, the request is a common discovery tool utilized to learn more about a case. The Defendant failed to produce a single document in response to the request.

The Defendant responded to Request for Production Number 5 by again claiming "attorney client privilege and/or work product doctrine" without providing a privilege log. The Defendant further objected to Request for Production Number 5 in arguing that the request seeks

confidential records.  The Defendant does not make any effort to identify the records it deems confidential.  The Defendant further renews its claim that documents will not be produced in this wage and hour law case unless a protective order is entered.  Simply put, the Defendant did not provide any meaningful answer to Request for Production Number 5.

Request for Production Number 6 constitutes another example of a standard discovery inquiry.  Request for Production Number 6 asks the Defendant to identify tangible evidence and documents supporting the defenses asserted in this wage and hour law case.  In addition to declaring its repeated attorney client privilege, work product doctrine, and protective order objections, the Defendant contends that producing evidence supporting its defenses is "unduly burdensome".  Similarly, the Defendant objects to Request for Production Number 6 in stating that it will only produce "relevant" documents it believes to support its defense in response to "specific" requests.   Apparently, the Defendant is reluctant to divulge documents that the Defendant believes to support its defense in this case.  Plaintiff submits that a request for such documents is relevant.

Request for Production Number 7 asks the Defendant to make available its internal documents related to this claim.  The Defendant renews its regular objections in alleging that Request for Production Number 7 is overbroad, unduly burdensome, ambiguous, and vague.  The Defendant further asserts its regular attorney client privilege, work product doctrine, and protective order objections.  Moreover, the Defendant argues that it will only produce internal documents related to this case in response to "specific requests".

In that the documents requested are the Defendant's internal documents, the Plaintiff has no way of knowing the precise documents at issue.  The Defendant's allegation that it will only produce its internal documents upon "specific requests" is essentially an argument that it does

not need to produce any internal documents related to the instant proceeding. The Defendant failed to properly answer Request for Production Number 7.

The Defendant makes an equally unpalatable argument in objecting to Request for Production Number 8. Within Request for Production Number 8, the Defendant is asked to produce employee handbooks for the time period applicable to this case. The Defendant continues its trend of asserting evasive answers in arguing that such request is overbroad and unreasonably unlimited. The Defendant does not deny that it has ready access to the exact employee handbooks utilized during the relevant time period. The Plaintiff's request does not approach the level of broadness required to submit a proper objection.

Moreover, the Defendant alleges in response to Request for Production Number 8 that it will only produce "the employee handbooks relevant to Plaintiff's position and term of employment" upon entry of a protective order. Again, it does not appear that a protective order is necessary or appropriate for an employee handbook. The Defendant has distributed thousands of copies of its employee handbooks. A document that has been the subject of such widespread voluntary distribution by the Defendant is not an appropriate topic for a protective order.

While the Plaintiff is willing to enter into a protective order concerning an individual's private information such as a social security number, the Plaintiff is not willing to undertake the burden of a protective order designating as confidential widely distributed information contained in items such as employee handbooks. The Defendant's employee handbooks do not constitute confidential proprietary information protected from discovery. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561-562 (C.D. Cal. 2007).

In addition to requesting employee handbooks, the Plaintiff asks by way of Request for Production Number 9 that the Defendant provide time and wage records for individuals working

on an hourly wage basis in Kentucky during the relevant time period.  In response, the Defendant continues its typical objections in alleging that the request is overbroad and unduly burdensome. The Defendant also objects in arguing that the request for production of time and wage records is irrelevant and not reasonably calculated to lead to discovery of admissible evidence.  The requested time and wage records are at the heart of this wage and hour law case.  The Defendant's argument that time and wage records are irrelevant in this wage and hour law case is without merit.

The Defendant's final response to Request for Production Number 9 is that it will only provide time records for "hourly Assistant Managers" as opposed to other hourly wage employees.  The scope of this case  is not limited merely to employees labeled by the Defendant as "assistant managers".  It is undisputed in this case that the Plaintiff worked for the Defendant on an hourly wage basis.  As articulated in the Complaint, this case involves the individuals that, similar to the Plaintiff, worked for the Defendant on an hourly wage basis.

Within the Defendant's previously filed Response to Motion to Remand (Docket # 13), the Defendant states that this case concerns all of the individuals working on an hourly wage basis in the Defendant's Kentucky stores.  The Defendant should not be allowed to assert to the Court in its Response to Motion to Remand (Docket # 13) that this case involves all of the Defendant's hourly wage employees in Kentucky and then subsequently argue in response to discovery that the scope of this case is limited to only Assistant Managers. The Defendant's allegation that Request for Production Number 9 exceeds the proper scope of discovery is incorrect.

When the Defendant first asserted that the Plaintiff's requests were beyond the proper scope of discovery, the Plaintiff voluntarily agreed to initially limit the geographic scope of the

discovery to the stores located in the same division as the store at which the Plaintiff worked, with a reservation of rights to request information regarding all of the Defendant's stores in Kentucky in the future. The Defendant agreed to move forward on that basis. In light of the well established fact that the scope of discovery under the Federal Rules of Civil Procedure is traditionally broad, the Defendant's objection to the scope of Request for Production Number 9 is improper.

After asking for time and wage records, the Plaintiff requests production of documents associated with complaints filed against the Defendant for violations of Kentucky's Wages and Hours Act. The discovery inquiry is submitted in Request for Production Number 10. The Defendant did not produce any documents in response to the request. Rather than producing its documents associated with complaints filed against it for violations of Kentucky's Wages and Hours Act, the Defendant asserts multiple objections including its claim that the request "seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence". The Defendant's objection to Request for Production Number 10 based on relevancy is highly erroneous.

The Defendant asserts several other objections to Request for Production Number 10. In addition to making its common objections of vague, ambiguous, overbroad, attorney client privilege, and work product doctrine, the Defendant contends that Request for Production Number 10 is unduly burdensome. Conspicuously, the Defendant does not deny that it maintains documents regarding complaints filed against it for violations of Kentucky's Wages and Hours Act. The Plaintiff's request for the Defendant to produce copies of such pertinent documents maintained in the Defendant's files is not unreasonable or unduly burdensome.

Request for Production Number 11 is somewhat similar to Request for Production Number 10. Request for Production Number 11 requests documents maintained by the Defendant connected to claims by employees of unfair labor practices. The Defendant did not produce any documents in response to the request.

The Defendant asserted numerous objections to Request for Production Number 11, including its usual allegations that the discovery is irrelevant, vague, ambiguous, overbroad, unduly burdensome and seeks information subject to "attorney-client privilege and/or work product doctrine". Once again, the Defendant does not deny that it maintains documents pertinent to claims of employees regarding unfair labor practices. The documents are directly relevant to this case. The Defendant has made no effort to substantiate its objections or meet its burden of establishing that any such documents are subject to privilege.

Corresponding to Request for Production Numbers 10 and 11, Request for Production Number 12 asks the Defendant to provide copies of the file for employees that have filed a complaint against the Defendant for violations of Kentucky's Wages and Hours Act or employees that have made claims against the Defendant for unfair labor practices. The Defendant responds with a string of its form objections. The Defendant's objections include broad arguments contending that the Request is irrelevant, unduly burdensome, overbroad, and seeks confidential information. The Plaintiff submits that the Defendant's objections, in particular the Defendant's objection challenging relevancy, are inappropriate with respect to Request for Production Number 12.

In congruence with its failure to reasonably respond to the Plaintiff's Request for Production of Documents, the Defendant failed to properly respond to Plaintiff's Interrogatories. For instance, Interrogatory Number 1 submits the routine discovery request for the Defendant to

identify the individuals that worked on answering the discovery. The Defendant claims three (3) objections to the Interrogatory.

The Defendant argues that the Plaintiff's request for disclosure of the identity of the individuals answering the discovery is overbroad. The Defendant's remaining objections are its standard attorney-client privilege and work product doctrine objections. However, a request for the identity of the individuals working on answers to the discovery is not objectionable. Such a basic Interrogatory is not "overbroad". The Defendant should answer Interrogatory Number 1 in full.

The next Interrogatory requested the Defendant to state the grounds for its denial of Request for Admissions served simultaneous with the Interrogatories and requested identification of any documents relied on in asserting such denials. In addition to maintaining its uniform objections of overbroad, attorney-client privilege, work product doctrine, and confidentiality, the Defendant states an incomplete list of documents upon which it relies in denying the Request for Admissions. Specifically, the Defendant states in response to Interrogatory Number 2 "that it relies upon relevant documents, including but not limited to management policies, . . . ." In order to completely answer the Interrogatory, the Defendant should list all of the relevant documents upon which it relies in denying the Request for Admissions.

The articulation of an incomplete list does not comply with the request within Interrogatory Number 2 to identify all documents the Defendant relies on in denying the Plaintiff's Request for Admissions. The Plaintiff merely seeks identification of the documents utilized by the Defendant in denying the Request for Admissions in this case. It is not burdensome or unreasonable to request the Defendant to identify the documents relied on in denying the Plaintiff's Request for Admissions.

In a related request, Interrogatory Number 4 asks the Defendant to identify individuals with knowledge of discoverable facts pertinent to the allegations in the Plaintiff's Complaint. In its answer to Interrogatory Number 4, the Defendant initially restates several of its formulaic objections describing the Interrogatory as vague, ambiguous, overbroad, and unduly burdensome. The Defendant then provides an incomplete list of individuals that the Defendant categorizes as people "who may be called in support of Defendant's case".

The Defendant's incomplete listing of individuals it may call as witnesses does not comply with the discovery request. Interrogatory Number 4 requests identification of the individuals with knowledge of discoverable facts. While the individuals with knowledge of discoverable facts most likely includes the individuals that the Defendant may call in support of its case, the request is not that narrow. In responding to Interrogatory Number 4 with only individuals which the Defendant may call in support of its position in the case, the Defendant may be withholding the identification of individuals with knowledge of discoverable facts detrimental to the Defendant's case. The Defendant has failed to provide a complete response to Interrogatory Number 4.

Likewise, the Defendant failed to provide any genuine answer to Interrogatory Number 6. Within Interrogatory Number 6, the Plaintiff asks the Defendant to identify evidence that the Defendant believes to support its defense in this case. The Defendant did not identify a single document in response to Interrogatory Number 6. Instead, the Defendant responded with numerous examples of its standardized objections. For example, the Defendant refused to identify documents it believes to support its defense in arguing that such an effort would be "unduly burdensome". The objection is plainly inappropriate.

The Defendant additionally argues inappropriate objections in responding to Interrogatory Number 8. Within Interrogatory Number 8, the Defendant is requested to identify the individuals working on an hourly wage basis in the pertinent retail stores during the relevant time period. The Defendant failed to identify a single individual in its response to Interrogatory Number 8.

In responding to the Interrogatory, the Defendant lists several of its pattern objections claiming the discovery is overbroad, unduly burdensome, harassing, beyond the proper scope, and irrelevant. The primary objection argued by the Defendant in response to the request to identify individuals working in the retail stores on an hourly wage basis appears to be the Defendant's allegation that it will not produce such information until a protective order is entered. That objection to Interrogatory Number 8 highlights the unreasonableness of the Defendant's demand for an overbroad protective order.

The identity of individuals working in a retail store is not a trade secret or confidential information. The disclosure of the identity of individuals working in a retail store open to the general public would not reveal a trade secret or result in the exposure of confidential information providing an economic advantage to the Defendant's business competitors. The Plaintiff does not want to undertake the unnecessary burden of entering into an overbroad protective order. The Defendant should provide a complete answer to Interrogatory Number 8.

Interrogatory Number 9 seeks additional information regarding the Defendant's hourly wage employees in connection with this wage and hour law dispute. In particular, Interrogatory Number 9 requests the term of employment, position of employment, wage and contact information for the Defendant's hourly wage employees in Kentucky during the relevant time period. The Defendant refuses to furnish any of the information requested by Interrogatory

Number 9.  The Defendant responded to Interrogatory Number 9 by incorporating by reference its routine objections as stated in response to Interrogatory Number 8.

The Defendant further rehashes its uniform objection claiming confidentiality.  The Plaintiff previously prepared a proposed protective order for the Defendant's consideration that would protect an employee's personal information.[1]  The order proposed by the Plaintiff would protect an individual's social security number, date of birth, family matters, disciplinary records, and medical records.  The Defendant rejected the Plaintiff's proposed protective order.  The Defendant's refusal to answer the Interrogatory is wrongful.

Finally, Interrogatory Number 11 asks for information concerning other claims of unfair labor practices made against the Defendant by an employee.  The Defendant responded with its ordinary objections including vague, ambiguous, overbroad, unduly burdensome, attorney client privilege, and work product doctrine.  The Defendant further argues that the Interrogatory ". . . seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  The information requested is not only likely to lead to discoverable evidence, but it is additionally highly relevant in the instant dispute.  The Defendant does not deny that it maintains such information in its files.  As such, it is not unduly burdensome for the Defendant to provide the information in response to Interrogatory Number 11.

A brief review of the objections and responses supplied to the discovery reveals that the Defendant has refused to furnish properly requested information and documents which are relevant to this case.  The Defendant should submit a privilege log in connection with its continued allegations of attorney client privilege "and/or" work product doctrine.  *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006).  Further, documents pertaining to

[1] A copy of an email whereby the Plaintiff sent a proposed protective order to the Defendant is attached hereto as "Exhibit M" and a copy of the Plaintiff's proposed protective order is attached hereto as "Exhibit N".

the Defendant's employment policies in association with applicable wage and hour laws do not constitute confidential proprietary information protected from discovery. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561-62 (C.D. Cal. 2007). The Defendant should be compelled to fully respond to the discovery.

WHEREFORE, Plaintiff respectfully requests an order:

1.     Compelling the Defendant to fully respond to Interrogatories: 1, 2, 4, 6, 8, 9, and 11;

2.     Compelling the Defendant to fully respond to Request for Production: 1, 5, 6, 7, 8, 9, 10, 11, and 12; and

3.     Awarding such other and further relief as may be just and appropriate.

This day, September 12, 2008.

> HARNED, BACHERT & DENTON, LLP
> 324 East Tenth Street
> Post Office Box 1270
> Bowling Green, Kentucky  42102-1270
> Telephone:  (270) 782-3938
> Facsimile:  (270) 781-4737
>
> /s/ Norman E. Harned
> NORMAN E. HARNED
> WILLIAM F. CODELL

Certificate of Compliance with FED. R. CIV. P. 37(a):

The undersigned, counsel for Eric England, certifies that he has conferred with counsel for Advance Stores Company, Incorporated in a good faith effort to resolve the issues raised by the foregoing Motion and that he and counsel for Advance Stores Company, Incorporated have been unable to resolve the dispute. Efforts undertaken in an attempt to resolve the issues include multiple telephone conferences and the transmission of both the regular and email correspondence attached as exhibits hereto.

/s/ Norman E. Harned
NORMAN E. HARNED
WILLIAM F. CODELL

CERTIFICATION:

       This is to certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court this day, September 12, 2008, by using the CM/ECF system, which will send a notice of electronic filing to the following:

Hon. Joe Bill Campbell
CAMPBELL LAW OFFICES
1011 Lehman Avenue, Suite 105
Bowling Green, Kentucky 42103

Hon. W. Christopher Arbery
Hon. Michelle E. O'Leary
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308-2216

/s/ Norman E. Harned
NORMAN E. HARNED
WILLIAM F. CODELL