UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE NO. 1:07-CV-00174

ERIC ENGLAND                                                                                                          PLAINTIFF

v.

ADVANCE STORES COMPANY, INCORPORATED,                                              DEFENDANT
d/b/a Advance Auto Parts

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Docket #10). Defendant filed a response (#13), to which Plaintiff replied (#16). Defendant filed a supplement to its response (#34) and a surreply (#40). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Remand is DENIED.

## BACKGROUND

This case arises out of an alleged violation of Kentucky Wages and Hours Act, K.R.S. § 337. Plaintiff England filed a Complaint in the Warren Circuit Court in Warren County, Kentucky, on September 1, 2007. England alleges that Defendant Advance Stores Company, Incorporated ("Advance Auto") required employees to work more than four hours without a rest period of at least ten minutes, to complete shifts without a reasonable lunch period, and to work off the clock without compensation in violation of K.R.S. §§ 337.275, 337.355, 337.365, and 337.385. England was employed by Advance Auto from July 2006 to May 2007 as a First Assistant Manager and was paid $14.66 per hour. He seeks to represent a class "consisting of all persons working within the Commonwealth of Kentucky for Advance Auto Parts during the class period on an hourly wage basis." He estimates the purported class involves at least 12 employees from approximately 86 stores over a period of five years. England requests "[a]n award of all recoverable actual, liquidated,

compensatory and other applicable damages," punitive damages, and all recoverable costs and attorney fees.

## STANDARD

The Class Action Fairness Act ("CAFA") provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which– any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).[1] "CAFA does not alter the fact that 'the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met.'" *Smith v. Nationwide Prop. and Cas. Ins.*, 505 F.3d 401, 404 (6th Cir. 2007). A court should determine federal jurisdiction at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Generally, ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

## DISCUSSION

In support of its Notice of Removal, Advance Auto cited England's complaint and stated "[i]t can reasonably be deduced from these allegations that the aggregate amount in controversy exceeds $5 million." Advance Auto explained that according to England's estimations the purported class consists of at least 1,032 employees and reasoned that "[t]he amount in controversy will more than likely exceed $5 million because it would merely take an average of less than $5,000 in disputed

---

[1] Plaintiff is a citizen of Kentucky. Defendant is a corporation organized under Virginia law and has its principle place of business in Virginia.

damages for each purported class member to reach this requirement." England argues that Advance Auto failed to meet its burden of demonstrating that the amount in controversy in this case exceeds $5,000,000 because its "Notice of Removal does not affirmatively establish the requisite amount in controversy." Advance Auto maintains that it properly removed the case and that the aggregate amount in controversy can be reasonably deduced from the Complaint.

"[T]he amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Smith*, 505 F.3d at 407 (citation omitted). When "the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must only demonstrate that the requirement is met by a preponderance of the evidence. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993). In other words, here Advance Auto must only show that the amount in controversy "more likely than not" exceeds $5 million. *See id.* A defendant is not required "to research, state and prove the plaintiff's claim for damages" in order to show that the amount in controversy has been met. *See id.* at 159. Additionally, as Advance Auto notes, a plaintiff should not be able to avoid removal by simply seeking an unspecified amount of damages.

Federal jurisdiction pursuant to CAFA in this matter is proper if it can reasonably be deduced from the allegations in Plaintiff's Complaint, referred to in Defendant's Notice of Removal, that the amount in controversy more likely than not exceeds $5 million. *See Kendrick v. Standard Fire Ins. Co.*, No. 06-141-DLB, 2007 WL 1035018, at *3 (E.D. Ky. Mar. 31, 2007). The Court finds that it can be reasonably deduced from the allegations that the amount in controversy more likely than not exceeds $5 million. As Advance Auto notes, the purported class consists of at least 1,032

3

employees, so it would only take an average of less than $5,000 in controversy per employee to reach the requirement set forth by CAFA.  Considering the relief Plaintiff seeks, which includes all recoverable actual, liquidated, compensatory and punitive damages, as well as attorney fees, the Court finds Advance Auto's calculation of the amount in controversy to be a reasonable one.  To conclude, Advance Auto has satisfied the requirements for federal jurisdiction under CAFA.  28 U.S.C. § 1332(d)(2).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand is DENIED.